IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SANDRA YOUNG o/b/o<br>LARRY YOUNG, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | ) | Case No. 07-0422-CV-W-ODS |
| | ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | )<br>)<br>) | |
| Defendant. | )<br>) | |

## ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss. Plaintiff has not responded and the time for doing so has passed. See Local Rule 7.1. For the following reasons, the motion (Doc. # 2) is granted.

Plaintiff's application for benefits was denied administratively on July 9, 2005. He filed a judicial challenge on August 29, 2005, and the case was assigned number 05-00794-CV-W-ODS. After requesting and receiving an extension of time for filing his brief, Plaintiff allowed the deadline to pass without filing a brief. The case was dismissed on June 13, 2006, because of Plaintiff's failure to file a brief.

The instant case was filed on June 8, 2007. On August 20, 2007, Defendant filed a Motion to Dismiss, contending the deadline for pursuing a judicial challenge has passed. A suit seeking judicial review must be filed within sixty days of the Commissioner's final decision, 42 U.S.C. § 405(g), and the instant suit was filed well beyond that deadline. Plaintiff refers to Missouri's savings statute as grounds for filing the suit, but the state statute does not affect the federal statute of limitations. E.g., Luney v. SGS Automotive Services, Inc., 432 F.3d 866, 867 (8th Cir. 2005). As noted, Plaintiff has not opposed the dismissal, so there is no argument presented to counter Defendant's position.

For these reasons, the Motion to Dismiss is granted.

IT IS SO ORDERED.

                                          /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, JUDGE
DATE: September 11, 2007          UNITED STATES DISTRICT COURT